FILED
8/15/2022 3:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 407th District Court

2 cit pps / sac

CAUSE NO. 2022CI15546

| | | |
|---|---|---|
| HANNAH MARISSA WRIGHT<br>*Plaintiff* | § § § | IN THE DISTRICT COURT |
| vs. | § § | ___ JUDICIAL DISTRICT |
| JOHN BUNNING TRANSFER CO., INC.<br>And STEVE AUSTIN BEHRMAN<br>*Defendants* | § § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUIRED DISCLOSURE NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, HANNAH MARISSA WRIGHT, Plaintiff, in the above-referenced cause and files this her Original Petition and Required Disclosure Notice, complaining of JOHN BUNNING TRANSFER CO., INC., (hereinafter "JOHN BUNNING"), and STEVE AUSTIN BEHRMAN, (hereinafter "BEHRMAN"), Defendants, and for cause of action would respectfully show the following:

### I. DISCOVERY TRACK

1.1   Plaintiff pleads that this case should be assigned to Discovery Track Three.

### II. THE PARTIES

2.1   Plaintiff, HANNAH MARISSA WRIGHT, is a citizen of the United States and is a resident of San Antonio, Bexar County, Texas, and brings suit herein in her individual capacity for her personal injuries.

2.2   Defendant, STEVE AUSTIN BEHRMAN, is an individual, and is a resident of the State of Texas, and may be served with process at his residence at 50 Reliance Rd., Rock Springs, WY 82901, or anywhere he may be found. Service is requested at this time.

2.3   Defendant, JOHN BUNNING TRANSFER CO., INC. is a motor carrier and a Wyoming Corporation doing business, engaging in business and transacting business in Bexar County, Texas and the State of Texas with their mailing address at Box 128, Rock

Springs, WY, 82901, and may be served through its registered agent Christian Bunning, 1600 Elk Street, Rock Springs, WY 82901. Service is requested at this time.

### III. VENUE

3.1     Venue is proper in Bexar County pursuant to Sections 15.002(a)(1) of the Texas Civil Practice & Remedies Code because a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

### IV. FACTS

4.1     On or about October 19, 2021, Plaintiff, HANNAH MARISSA WRIGHT while operating her 2015 Lincoln SUV was exiting a private drive in the 5600 block of Bicentennial Dr., in San Antonio, Bexar County, Texas. Defendant BEHRMAN, operating a 2020 Peterbilt Tractor/Trailer (VIN number 1XPTD49X6BD115446), hitched to a trailer which cargo is unknown, pulled along side of Plaintiff's vehicle, then turned in front of Plaintiff's vehicle, and forcefully crashed into Plaintiff's vehicle. Plaintiff WRIGHT was severely injured as a result of the collision.

4.2     At the time of the accident, BEHRMAN, was operating a 2020 Peterbilt Tractor /Trailer, and was acting within the course and scope of his employment as driver for Defendant JOHN BUNNING TRANSFER COMPANY.

### V. CAUSES OF ACTION

**A. STEVE AUSTIN BEHRMAN**

5.1     As described herein, BEHRMAN was negligent in the use of his vehicle on the occasion in question. BEHRMAN had the duty to exercise the degree of care that a reasonably prudent driver would have used to avoid harm to others under the circumstances described herein. Plaintiff's injuries were proximately caused by BEHRMAN's negligent, careless, and reckless disregard of the duty, which consisted of the following negligent acts and or/omissions:

1. in driving his vehicle in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

2. in failing to control his speed and to keep his vehicle under control so as to avoid accidents;

3. in failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence on the same or similar circumstances;

4. in failing to pay proper attention while operating a motor vehicle;

5. by taking faulty evasive action;

6. by creating a dangerous and hazardous condition through his negligent driving;

7. by violating numerous applicable traffic laws, statute, regulations, and ordinances of the State of Texas designed to protect and safeguard the motoring public; and

8. by failing to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others, including Plaintiff, under circumstances same or similar to those described herein.

**B.    JOHN BUNNING TRANSFER CO.**

5.2    At the time of the accident, JOHN BUNNING TRANSFER CO. was the owner/operator of the trailer driven by Defendant BEHRMAN. BEHRMAN was under the control of JOHN BUNNING TRANSFER CO. as an employee, statutory employee and/or agent of JOHN BUNNING TRANSFER CO. and was acting within the course and scope of his employment.  Therefore, JOHN BUNNING TRANSFER CO. is vicariously responsible for the negligence and negligence per se of BEHRMAN based on the theory of *Respondeat superior*.

5.3    Plaintiff asserts and alleges that at the time of the collision made the basis of this suit that Defendant, JOHN BUNNING TRANSFER CO., was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to the

following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

a) failing to monitor the number of hours worked by BEHRMAN;

b) placing fatigued workers on the roadway;

c) failing to document the number of hours worked by BEHRMAN up to the time of the accident;

d) overworking its employees to the state in which they are a danger to the public;

e) failing to properly train BEHRMAN;

f) failing to properly supervise BEHRMAN;

g) creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

h) having superior knowledge of specific risk and specific danger and failing to guard against it;

i) negligently exercising control of BEHRMAN by requiring him to operate a vehicle in a fatigued state;

j) failing to properly implement appropriate policies and procedures;

k) failing to provide proper and/or adequate training with respect to safe vehicle operation;

l) failing to ensure the safety of others through proper training;

m) failing to properly inspect the truck to ensure its safe operation on the roadway;

n) failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing; and

o) failing to properly mentor BEHRMAN.

  5.4 Each and all of the above-mentioned acts or omission and/or commission constituted negligence, negligent entrustment and negligence per se and were a proximate cause of the damages to Plaintiff, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

## VI.   DAMAGES

6.1   Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation.  Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances, which said amount is in excess of one million dollars.

6.2   As a result of the incident in question, Plaintiff has sustained disabling injuries, physical pain and mental anguish.  Plaintiff has further sustained past and future reasonable and necessary medical expenses for the care and treatment of her injuries, a loss of wages and loss of earning capacity, both past and future, physical impairment, both past and future, physical pain and mental anguish, both past and future and a diminution of enjoyment of life, both past and future, all to her damage in an amount which has not been ascertained, but which is within the jurisdictional limits of this court.

## VII.   RULE 197.3

7.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case will be used at any potential proceeding or at the trial of this matter.

## VIII.   PRE-JUDGMENT AND POST JUDGMENT INTEREST

8.1   Plaintiff seeks pre-judgment and post-judgment interests as allowed by law.

## IX.   JURY DEMAND

9.1   Plaintiff requests a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

## X. REQUIRED DISCLOSURE NOTICE

10.1   Pursuant to Rule 194.1, please provide the disclosures in Rule 194.2(b)(1)-(12) within 30 days of the filing date of this Defendant's Original Answer in this cause. Information on the Defendant's testifying expert witnesses is sought per Rules 194.3 and 195.5 in the timelines provided.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from the Defendant for her actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which she may show hersef to be justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
601 Howard St.
San Antonio, TX 78212
Telephone:   (210) 487-7500
Telecopier:   (210) 487-7501

*/s/ Ross W. Evans*
Joseph M. Dunn
SBN:  06245650
jdunn@wigrum.com
Ross W. Evans
SBN: 24064771
revans@wigrum.com

And

Ryan L. Orsatti
Attorney-at-Law
SBN: 24088910
Ryan@ryanorsattilaw.com

4634 De Zevala Rd
San Antonio, TX 78249
Telephone: (210) 405-3807

**ATTORNEYS FOR PLAINTIFFS**



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Diego Quintero on behalf of Ross Evans
Bar No. 24064771
dquintero@wigrum.com
Envelope ID: 67298844
Status as of 8/15/2022 4:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan Orsatti | | ryan@ryanorsattilaw.com | 8/15/2022 3:30:36 PM | SENT |
| Joseph MDunn | | jdunn@wigrum.com | 8/15/2022 3:30:36 PM | SENT |
| Ross Evans | | revans@wigrum.com | 8/15/2022 3:30:36 PM | SENT |
| Abigail Vazquez | | avazquez@wigrum.com | 8/15/2022 3:30:36 PM | SENT |
| Diego Quintero | | dquintero@wigrum.com | 8/15/2022 3:30:36 PM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*August 25, 2022*

**MARY ANGIE GARCIA,
BEXAR COUNTY, TEXAS**

By: *[signature]*

BRENDA GALVAN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*